# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LILLIE MAE HARVEY**                                                   **PLAINTIFF**

**v.**                                                   **CIVIL CASE NO. 4:18-CV-161-RP**

**NANCY BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## ORDER GRANTING PAYMENT
## OF ATTORNEY'S FEES AND EXPENSES

Lille Mae Harvey filed this civil action on August 1, 2018, to appeal the Commissioner's denial of disability benefits. This Court entered an Order Granting Motion to Remand, dated May 1, 2019, that remanded the case to the Social Security Administration for further proceedings. Docket 19. On May 10, 2019, this Court granted Plaintiff an award of attorney's fees totaling $5,773.72 under the Equal Access to Justice Act (EAJA) for 29 hours of attorney time. Docket 22.

Counsel for Plaintiff has now filed the instant motion for attorney's fees under 42 U.S.C. § 406(b)(1). Docket 23. Counsel reports that Plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in Federal District Court in the amount of $7,115.28. *Id*. The Agency withheld a total of $18,889.00, twenty-five percent (25%) of the total of Plaintiff's past-due benefits, to pay her representative. *Id*. Counsel explains the $7,115.28 requested in the instant motion constitutes "a portion of the 25% fee for work before the agency and federal court" which altogether totals $18,889.00. Docket 23 at p. 2 (the $18,889.00 amount is comprised of a $6,000.00 fee for work performed at the administrative level; a $7,115.28 fee under § 406(b)(1) for services performed in Federal District Court; and $5,773.72 in EAJA fees which has already been awarded).

1

In its response, the Commissioner claims that the $7,115.28 requested is "an improper pre-award offset of the $5,773.72 in previously awarded Equal Access to Justice Act (EAJA) fees" and states that the EAJA award must be refunded to Plaintiff rather than deducted as a pre-calculation reduction of § 406(b) fees. *Id*.

In her reply brief, counsel for Plaintiff "objects to the futile step of having to reimburse Plaintiff the $5,773.72 in EAJA fees" and requests that the court approve the total fee of $18,889.00 and order payment of only $7,115.28 – which is the difference between the total 25% of withheld funds ($18,889.00), EAJA fees received ($5,773.72), and the administrative fee ($6,000)." Docket 23. The Commissioner declines to assert a position on the appropriateness or reasonableness of counsel's motion for fees and instead describes the relevant legal standards under which such a request is evaluated. Docket 24.

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation*,* not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[1] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[2] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

---

[1] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).
[2] In *Gisbrecht*, the Supreme court noted:

In support of his motion, Mr. Reynolds submitted the "Fee Contract for Federal Court SSI/Social Security Disability" signed by Plaintiff. Docket 23 at 13-15. The agreement states in relevant part:

> I understand that the total fee could amount to many thousands of dollars or many hundreds of dollars per hour on an hourly basis; I understand that my attorney is accepting my case because of the possibility of obtaining substantial fees. I agree to cooperate in any way that I can so that my attorney's full fee is authorized. I understand that my attorney may seek the maximum fee this contract allows under the law. My attorney does not promise to minimize either the attorney fee he or she receives or that I pay under this contract.
>
> [...]
>
> [M]y attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, I will be refunded or credited with the amount of the smaller fee.

*Id*. at 13. Counsel states that the amount he is requesting, $7,115.28, deducts the EAJA fee already awarded, and, thus, Plaintiff has been credited (as opposed to refunded) with the amount of the smaller fee. *Id*. at 2-3.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the Court's discretion to expand the deadline beyond 14 days; therefore, even

---

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). Although it is not clear when counsel received notification of the fully favorable decision and award of benefits, the Court notes that the instant motion was filed only one day after the October 27, 2019 Social Security Administration's Notice of Award stating the amount of benefits owed and the amount of past-due benefits withheld to pay Plaintiff's representative. Docket 23 at 7. The Court finds that Counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the Court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of $7,115.28 from fees withheld from the Agency from Plaintiff's past-due benefits, taken in conjunction with the $5,773.72 EAJA award, would result in an effective rate of $444.45 per hour for the 29 hours of reasonable work expended by Counsel before this Court. *See Order Granting Payment of Attorney's Fees*, Docket 22.

Following analysis in *Bays v. Commissioner*, the Court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The Court first considers that Counsel has presented a contingency-fee agreement signed by Plaintiff, wherein Plaintiff acknowledges that her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court.

Second, the Court notes that Counsel successfully argued Plaintiff's case before this Court and on remand before the Agency.  Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)).  Fourth, Plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part.  Finally, the § 406(b) fee requested, in conjunction with total EAJA fee which has been credited to Plaintiff in calculating the fee requested herein, amounts to approximately 17% of Plaintiff's past-due benefits. This amount is within the statutory limit imposed by § 406(b)(1)(A).

Combined with the $6,000 administrative fee, Plaintiff's counsel is due to receive the entire withheld amount of $18,889.00 – equivalent to 25% of past-due benefits – as bargained for in the employment contract.  For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees under to 42 U.S.C.§ 406(b) is **GRANTED**.  Plaintiff's counsel is awarded $7,115.28, which is to be paid from Plaintiff's past-due benefits withheld by the Agency.  Because Plaintiff's counsel credited the amount of the EAJA fees amount he already received in seeking this award, the court will not require that counsel for Plaintiff reimburse Plaintiff any amount, and the remaining balance of Plaintiff's past-due benefits withheld by the Agency shall be paid to Plaintiff.

**SO ORDERED**, this the 9th day of December, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE